Okey, <1.
1. The Court properly overruled the motion for judgment on the pleadings. Assuming but not deciding that a reply was proper, the case was tried, without objection, as though the allegation of payment had been denied. When the evidence was all in, it was too late to make the objection. Woodward v. Sloan, 27 Ohio St. 592.
2. The cases relating to the fight of a witness to examine, on the witness stand, memoranda for the purpose of refreshing his memory, have been so fully considered in text-books (Starkie’s Ev. 10th Am. ed. 177; 2 Phiilipps’ Ev. 5th Am. ed. 767, 916*; Roscoe’s N. P. Ev. 14th ed. 176; Taylor’s Ev. §§ 1264, 1265 ; 1 Greenleaf’s Ev. § 438 ; 1 Whart. Ev. § 523; Abbott's Tr. Ev. 320). especially in the notes of the American editors of Starkie and Phiilipps (and see 14 So. Car. 444; 70 Ala. 63 ,; 15 Am. Dec. 194, note), that we deem it unnecessary to review them in this opinion. While the present tendency, perhaps, is to grant rather than deny to the witness the privilege *617 of examining such memoranda, and while the tendency is also to concede to the judge presiding at the trial considerable discretion in this respect, there being no fixed or definite rules to guide him, still, we think it safe to say, that under the most liberal rule recognized in any well considered case, the plaintiff below, Wentworth, should not have been permitted to use the memorandum book while testifying as a witness. The entries in the original book were all made in 1873, and all at the same time. They cover transactions from 1868 to 1872, and the last transaction referred to therein occurred more than a year before the memorandum was made. Nor is this all. The memorandum produced in court was a copy of the original, made in 1876, since this suit was commenced; and it is fair to say the copy was made for use in this cause. The original, though worn, might have been preserved. Wentworth admitted that he could not “ remember the notes, dates or amounts without referring to the lead pencil memoranda.” Hence this was not the use of a paper merely to refresh the memory, so that, the memory being refreshed, the witness might be enabled to testify to the fact sought to be established, independently of the paper; and, indeed, to allow a paper so made to be thus used, is to permit the introduction of evidence which is not only dangerous in its character, but unwarranted by reason or authority. - We need not express an opinion as to the right to refer to the original, if that had been produced, nor do we mean to deny that, under some circumstances, a copy may be properly examined to refresh the memory. As a general rule, it must appear, where the original memorandum is used, that the person preparing it made it “ at a time when he had a distinct recollection of the facts, and cmte litem moiam ” (Powell’s Ev. 4th ed. 363); and undoubtedly the latter condition is equally indispensable where the memorandum produced is a copy. We hold that, under the circumstances, Wentworth had no right to use the memorandum produced in this case for any purpose, a.nd that the objection of Lovell’s counsel ought to have been sustained.

Judgment reversed.: